Williams v Bronx Harbor Health Care Complex, Inc. (2023 NY Slip Op 00508)

Williams v Bronx Harbor Health Care Complex, Inc.

2023 NY Slip Op 00508

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Pitt, JJ. 

Index No. 32712/18E Appeal No. 17247 Case No. 2021-03914 

[*1]Nancy Williams, as Administratrix of the Estate of Carrie Williams, and Nancy Williams, Individually, Plaintiff-Respondent,
v
Bronx Harbor Health Care Complex, Inc. Doing Business as Kings Harbor MultiCare Center, Defendant-Appellant.

Schiavetti, Corgan DiEdwards, Weinberg & Nicholson, LLP, White Plains (Samantha E. Quinn of counsel), for appellant.
Sinel & Olesen, PLLC, New York (Thomas Torto of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph Capella, J.), entered on or about March 4, 2021, which, to the extent appealable, denied defendant's motion for leave to renew and reargue its prior motion for a change of venue, unanimously affirmed, without costs, and otherwise dismissed, without costs, as taken from a nonappealable paper.
Supreme Court providently exercised its discretion in finding that defendant's motion to change venue was untimely (see Sade San A Jong v Lesesne, 114 AD3d 624, 625 [1st Dept 2014]). Defendant does not dispute that it was aware of the venue selection clause in the relevant agreement and that it had the fully executed agreement in its possession when plaintiff commenced this action. Nonetheless, before making its motion, defendant engaged in discovery in Bronx County for more than a year, exchanging documentary evidence with plaintiff and appearing at numerous court conferences in that county.
We reject defendant's argument that it could not have moved for a change of venue earlier because it became aware of the relevant facts only after it deposed plaintiff. Although defendant is correct that depositions had yet to be held at the time of the motion, the depositions were scheduled and held shortly after defendant filed its motion, more than two months before issuance of the court's initial order in June 2020 denying the motion. Further, defendant has never explained why it waited 14 months after the action's commencement before seeking a change of venue (CPLR 511[a]; see Brown v United Odd Fellow & Rebekah Home, Inc., 184 AD3d 478, 478 [1st Dept 2020]; Mena v Four Wheels Co., 272 AD2d 223, 223 [1st Dept 2000]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023